## STATE v. SYLVESTER DAWSON.

(Filed 14 October, 1964.)

**Criminal Law § 70; Searches and Seizures § 1—**

Defendant, who had paid the person having the lawful possession of a car a sum of money to drive defendant on a trip to get whiskey, may not complain that whiskey belonging to defendant was found in the trunk of the car, without a search warrant, after the person having possession of the car had given the officer permission to search the car, since under the facts defendant is not a lessee of the car and has no right to object to a search.

APPEAL by defendant from *Parker, J.,* March 1964 Session of WILSON.

Criminal prosecution on a warrant charging that defendant on February 1, 1964, did unlawfully transport twelve gallons of nontaxpaid whiskey in violation of G.S. 18-2, tried *de novo* in the superior court after appeal by defendant from conviction and judgment in the Recorder's Court of the City of Wilson.

The only evidence was that offered by the State. The only witnesses were William Earl Best, 24, and ABC Officer Glenn E. Stutts.

The evidence, summarized, tended to show: On February 1, 1964, in the City of Wilson, Best was in possession and control of and was driving his mother's 1957 Chevrolet. Best, accepting defendant's pro-

posal, agreed, for the consideration of $5.00, to drive to Nash County to get and bring back (to Wilson) for defendant "two cases of liquor." Accompanied by defendant, Best drove his mother's car to Nash County. When he stopped at an unidentified place as directed by defendant, Best got out and opened the trunk. Defendant obtained and placed in the trunk of the Best car two cases of liquor. On the return trip, the Best car was stopped by Stutts about 3:10 a.m. on Highway No. 301 within or near the corporate limits of Wilson. Best, the driver, got out of the car and talked with the officer. Defendant was on the back seat. The officer had no conversation with defendant. In response to the officer's questions, Best first stated he did not have any nontaxpaid liquor and did not have a key to the trunk. Thereafter, Best told the officer he had two cases of nontaxpaid whiskey, which belonged to defendant, "on the car," and gave the officer the key to the trunk. Thereupon, the officer opened the trunk and there found two cases of nontaxpaid whiskey, "six gallons to a case."

The jury returned a verdict of guilty. Judgment imposing a prison sentence was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Vernon F. Daughtridge and J. Russell Kirby for defendant appellant.*

PER CURIAM. Defendant moved to suppress the testimony of Best and of Stutts as to the contents of the trunk of the Best car on the ground that Stutts had no search warrant and therefore his search of the trunk of the car and his seizure of the twelve gallons of nontaxpaid whiskey were in violation of defendant's constitutional rights. Defendant stresses his assignment of error based on his exceptions to the denial of said motion and to the admission of said testimony.

While the evidence shows the twelve gallons of nontaxpaid whiskey belonged to defendant, the evidence also shows the car was driven by and in the possession and under the control of Best. There was ample evidence that Best voluntarily gave Stutts the key to the trunk. Moreover, there was no search of defendant's person and the car was not in defendant's possession or under his control. The evidence does not support defendant's contention that he was a lessee of the Best car. It shows simply that defendant paid Best $5.00 to use his mother's car in performing an errand for defendant. The applicable legal principles relating to search and seizure are stated in *S. v. McPeak,* 243 N.C. 243, 90 S.E. 2d 501.

While defendant's other assignments have been considered, the alleged errors are not deemed of such prejudicial nature as to justify the award of a new trial.

No error.